No. 409 June 12, 2024 281

*This is a nonprecedential memorandum opinion pursuant to ORAP 10.30 and may not be cited except as provided in ORAP 10.30(1).*

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

JERROLL JACKSON TSUE,
*Defendant-Appellant.*

Linn County Circuit Court
20CR17158; A175320

Brendan J. Kane, Judge.

Submitted November 3, 2023.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Francis C. Gieringer, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Jonathan N. Schildt, Assistant Attorney General, filed the brief for respondent.

Before Tookey, Presiding Judge, Egan, Judge, and Kamins, Judge.

PER CURIAM

Reversed and remanded.

**PER CURIAM**

Defendant appeals from a judgment of conviction for unlawful possession of methamphetamine, ORS 475.894(2)(b), entered after a conditional plea of no contest. Defendant assigns error to the trial court's denial of his motion to suppress evidence obtained pursuant to a warrantless search of his person following a traffic stop of his vehicle. During the search, an officer discovered methamphetamine. The trial court concluded that the officer safety doctrine justified the search of defendant, and it also concluded that the officer did not unlawfully expand the scope of the stop, because the officer had reasonable suspicion that defendant had committed theft.

On appeal, defendant argues that the "officer-safety doctrine did not justify" the search, and also that the search was "the product of an unlawfully expanded stop and therefore did not occur during a lawful encounter." The state, citing *State v. Nye*, 295 Or App 559, 563, 435 P3d 805 (2019), concedes error, stating that "the circumstances of this particular case did not give rise to 'an objectively reasonable suspicion that [defendant] posed an immediate threat of serious physical injury.'"

The parties agree that, if we conclude that the officer safety doctrine did not justify the search, we need not address whether the officer unlawfully expanded the scope of the stop.

We have considered defendant's arguments and reviewed the record, and we accept the state's concession. We conclude that the officer safety doctrine did not justify the officer's search of defendant.

Reversed and remanded.